1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              Case No. 2:20-cr-00012-KJM-JDP

12               Respondent,                 ORDER

13         v.

14    REGINALD LAMONT THOMAS,

15               Movant.

16

17

18

19         Reginald Lamont Thomas ("movant") has filed a motion to vacate, set aside, or correct

20    sentence pursuant to section 2255.  ECF No. 150.  I will direct the government to respond to the

21    motion.  Movant has also filed an application to proceed *in forma pauperis*, ECF No. 151, and

22    three motions for appointment of counsel, ECF Nos. 158, 159, & 160.  All of these motions will

23    be denied.

24         Movant's application to proceed *in forma pauperis*, ECF No. 151, is denied as

25    unnecessary.  *See United States v. Ventura*, No. CR S-05-382 GEB DAD P, 2010 U.S. Dist.

26    LEXIS 111011, *10 (E.D. Cal. Oct. 18, 2010) ("Unlike a petition for a writ of habeas corpus, a

27    motion under § 2255 is filed as part of the underlying criminal prosecution.  As a result, a § 2255

28    motion requires no prepaid fees or security in order to proceed.") (internal citation omitted).

1

Movant's motions for appointment of counsel are also denied.  Appointment of counsel in section 2255 proceedings is governed by 18 U.S.C. § 3006A.  That section provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2)(B).  Generally, counsel should be appointed "when the complexities of the case are such that denial of counsel would amount to a denial of due process."  *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).  I find that appointment of counsel is unwarranted here.  The issues raised by movant's section 2255 motion do not appear so complex that he cannot navigate them without appointment of counsel.  And, while one of his motions for counsel indicates that he has health issues, he has not specified what they are or how they are hampering his ability to represent himself.  ECF No. 160.  Accordingly, I will deny the motions without prejudice.  I may revisit the issue if new circumstances arise as the case proceeds.

Accordingly, it is hereby ORDERED that:

1.      Movant's motion to proceed *in forma pauperis*, ECF No. 151, is DENIED as unnecessary, and his motions for appointment of counsel, ECF Nos. 158, 159, & 160 are DENIED without prejudice.

2.      Within thirty days of this order's entry, the government shall file a response to the section 2255 motion.  Movant shall file his reply, if any, to the government's response within twenty-one days of the filing of the response.  If the government's response is a motion to dismiss, the deadlines shall be governed by the district's local rules for motion practice.

IT IS SO ORDERED.

Dated:    October 6, 2023                          _____
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE

2