UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD LAMONT THOMAS,<br><br>Defendant. | No. 2:20-cr-00012-DC-JDP<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY TERM OF SUPERVISED RELEASE<br><br>(Doc. No. 194) |

On January 27, 2025, Defendant Reginald Lamont Thomas filed a motion, purportedly pursuant to Federal Rule of Criminal Procedure 38(d), requesting the court stay his term of supervised release pending the court's ruling on his pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 150). (Doc. No. 194.) Specifically, Defendant Thomas states that he "was released from the Bureau of Prisons on January 17, 2025, and started his 60-month term of supervision on that date," and he now seeks a court order staying his term of supervised release until his pending § 2255 motion is resolved. (*Id.* at 1–2.) Defendant Thomas bases his pending motion to stay on Rule 38(d).

Rule 38(d) of the Federal Rules of Criminal Procedure is titled "Probation" and provides as follows: "If the defendant appeals, the court may stay a sentence of probation. The court must set the terms of any stay." Fed. R. Crim. P. 38(d). In other words, Rule 38(d) provides for a stay of a sentence of probation while an appeal of the sentence is pending—it does not provide for a

1

court to stay a sentence of a term of supervised release while a motion under § 2255 is pending. *See Brodie v. United States*, No. 20-cv-12713-NLH, 2023 WL 2136502, at *3 (D.N.J. Feb. 21, 2023) (denying the petitioner's motion to stay because "Petitioner cites no authority that would permit this Court to stay his supervised release term pending a decision on his § 2255 motion"). Indeed, even if a defendant's § 2255 motion is denied and the defendant appeals the denial of that motion, Rule 38(d) still does not apply to stay a sentence pending that appeal. *See Banks v. United States*, 218 F.2d 640, 640 (9th Cir. 1954) (explaining that "Rule 38 of the Criminal Rules providing for relief pending review has no application" to an appeal "from the order denying a motion to vacate the sentence").

In short, Rule 38(d) does not apply here because Defendant Thomas is not appealing a sentence. Notably, on October 27, 2022, Defendant Thomas filed a notice of appeal from this court's judgment of conviction issued on October 25, 2022. (Doc. No. 138.) On May 11, 2023, the Ninth Circuit issued a memorandum decision affirming the judgment of conviction, and the Ninth Circuit issued its mandate on June 26, 2023. (Doc. Nos. 149, 155.)

For this reason, Defendant Thomas's motion to stay his term of supervised release pending resolution of his § 2255 motion (Doc. No. 194) is hereby DENIED.

IT IS SO ORDERED.

Dated: **February 21, 2025**

Dena Coggins
United States District Judge

2