UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>REGINALD LAMONT THOMAS,<br><br>Movant. | Case No. 2:20-cr-0012-DC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Reginald Lamont Thomas ("movant") has filed a motion to vacate, set aside, or correct sentence pursuant to section 2255. ECF No. 150. Therein, he argues that the proceedings leading to his guilty plea were inadequate[1] and that his attorney was ineffective during the Rule 11 colloquies. The government has filed an opposition, ECF No. 171, and movant has filed a reply, ECF No. 172. For the reasons stated below, the motion should be denied. I will also grant in part movant's motion to withdraw his own exhibits, which he has styled a motion to strike, ECF No. 168, and grant in part his request for judicial notice, ECF No. 191.

---

[1] This is effectively one claim with various subparts. In the motion, for instance, movant argues that the plea was taken in violation of Rule 11, that it was not knowing and voluntary, that the district court failed to provide the necessary "mens rhea," and that the district court lacked the necessary subject matter jurisdiction to take his plea. ECF No. 150 at 4-8. In a separate filing that purports to set out additional grounds for relief, movant argues that the district court failed to explain the nature of the charges in open court and failed to read the factual basis in open court. ECF No. 166 at 1-2.

1

**Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**Analysis**

Movant was indicted in January 2020 on nine counts of bank fraud and one count of aggravated identity theft. ECF No. 1 at 3. After unsuccessfully attempting to dismiss the indictment, ECF Nos. 104 & 109, and before trial was to begin, movant elected to plead guilty without a plea agreement. On June 21, 2022, movant attested, under oath, that he was competent to plead, satisfied with his counsel's representation, and entering the plea voluntarily and because he was, in fact, guilty. ECF No. 127 at 7. Movant refused to accept the government's factual basis for his plea, however, and declined to formulate his own. *Id.* at 18. The hearing ended without a plea being entered.

Then, on July 18, 2020, movant signed an "open plea and factual basis" memorandum. ECF No. 120 at 5. This document admitted facts sufficient to support a guilty plea on all counts. *Id.* at 1-5. The next day, a plea hearing was held, and, under oath, movant admitted facts that were sufficient to support a guilty plea on all counts. ECF No. 131 at 7. The district judge stated

1  that, this time, it was unnecessary to go through the full plea colloquy again, as it had been done
2  at the previous hearing that was derailed for want of a factual basis. *Id.* at 3-4. Neither movant
3  nor his counsel objected or asked for clarification. Movant was sentenced on October 27, 2022.
4  ECF No. 139.
5    Movant filed a notice of appeal the same day he was sentenced. ECF No. 138. The
6  appeal challenged the sufficiency of the indictment and the district court's decision to deny his
7  motion to dismiss it. *United States v. Thomas*, no. 22-10283, 2023 WL 3375591, 2023 U.S. App.
8  LEXIS 11579, *1 (9th Cir. 2023) ("On appeal, Thomas challenges the sufficiency of the
9  indictment and contends the district court erred in its denial of his motion to dismiss the
10  indictment."). The Ninth Circuit affirmed the sufficiency of the indictment. *Id.*
11    As the government correctly argues, movant's challenges to the sufficiency of his plea are
12  procedurally deficient because he did not first raise them on direct appeal. *See Bousley v. United*
13  *States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be
14  attacked on collateral review only if first challenged on direct review."). Thus, all claims
15  pertaining to the sufficiency of the plea are procedurally barred and should be denied on that
16  basis.
17    By contrast, movant's ineffective assistance of counsel claims are not so barred. *See*
18  *Massaro v. United States*, 538 U.S. 500, 508 (2003). These claims fail, however, on the merits.
19  Movant argues that his counsel was ineffective for failing to object to the validity of the open plea
20  at the hearings and for failing to obtain either his own or the government's signature on the
21  factual basis while in open court. ECF No. 158 at 1; ECF No. 166 at 2. These claims are
22  meritless. There is, as the government points out, no requirement that a factual basis be signed in
23  open court by either the movant or the government's attorney. And movant has failed to identify
24  any actual basis on which his counsel should have objected to the validity of his plea. At the plea
25  hearings, he repeatedly attested that his pleas were voluntary and competent, that he had
26  discussed them with his counsel, and was satisfied with his representation. ECF No. 127 at 7.
27  "Statements made by a defendant during a guilty plea hearing carry a strong presumption of
28  veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233,

1 | 1236 (9th Cir. 2008). I note that movant has offered no justification for the discrepancy between
2 | his statements under oath at the plea hearings and his claims. Moreover, those claims are
3 | themselves threadbare, advancing little in the way of factual or legal argument. Accordingly, his
4 | ineffective assistance of counsel claims should be denied on their merits.

5 |     Movant has filed two ancillary motions to his section 2255 motion. The first, which he
6 | has styled a motion to strike, ECF No. 168, seeks to strike the plea colloquy exhibits attached to
7 | his own filing, ECF No. 157. He is permitted to withdraw his own exhibits, and the motion is
8 | granted to that extent. I reject, however, his argument that the court cannot consider both plea
9 | hearings. He cites *United States v. Jaramillo-Suarez*, 857 F.2d 1368, 1372 (9th Cir. 1988), for the
10 | proposition that the earlier plea hearing cannot be considered. In that case, however, the Ninth
11 | Circuit rejected the government's proposition that the appellate court remand to the district court
12 | for a hearing on whether the defendant was aware of the maximum possible sentence. *Id.* That
13 | situation is not applicable here; the complete record of the plea hearing exists, and it is of no
14 | significance that, because of movant's own actions, the hearings occurred on two separate days.

15 |     The second relevant motion seeks judicial notice. ECF No. 191. Therein, movant asks
16 | that the court take judicial notice of his own counsel's purported admission of ineffectiveness in
17 | his reply brief on appeal. *Id.* at 2. Movant neither cites a specific portion of the brief nor
18 | provides a copy of either the complete brief or the relevant excerpt. Out of an abundance of
19 | caution, I have reviewed the reply brief that movant's counsel filed on direct appeal. Therein,
20 | movant's counsel does argue that the Rule 11 colloquy was ineffective, but that argument is
21 | advanced only as part of a broader argument that movant's guilty plea did not waive later
22 | challenges to the factual basis. *United States v. Thomas*, No. 22-10283, 2023 U.S. App. LEXIS
23 | 11579 (9th Cir. 2023), No. 24 (Appellant's Reply Brief) at 5-8. The sufficiency of the colloquy
24 | was not one of the issues identified for review in the opening brief, however, and the Ninth
25 | Circuit did not speak to that issue in its decision. Thus, the government's contention that such
26 | claims are procedurally deficient remains correct. The motion for judicial notice is granted to the
27 | extent that I have reviewed and taken notice of the reply brief on direct appeal. It is rejected in all
28 | other respects.

Accordingly, it is ORDERED that:

1. Movant's motion to strike, ECF No. 168, is GRANTED in part. The exhibits filed by movant at ECF No. 157 are deemed WITHDRAWN. The motion is denied in all other respects.

2. Movant's request for judicial notice, ECF No. 191, is GRANTED in part and, consistent with the foregoing recommendations, I take notice of the appellate reply brief he references therein. The request is denied in all other respects.

Further, it is RECOMMENDED that movant's section 2255 motion, ECF No. 150, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE