UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD LAMONT THOMAS,<br><br>Defendant. | No. 2:20-cr-00012-DC-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION<br><br>(Doc. Nos. 150, 196) |

Defendant-Movant Reginald Lamont Thomas is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 150.) In his motion, which Defendant filed on June 23, 2023, Defendant presents essentially two claims: (1) his guilty pleas were taken in violation of Federal Rule of Criminal Procedure 11, and (2) he received ineffective assistance of counsel during the Rule 11 plea colloquies. (*Id.* at 4–11; Doc. No. 166 at 1–2.) On June 23, 2023, the court directed the Clerk of the Court to assign a magistrate judge to review the pending motion. (Doc. No. 154.) On February 8, 2024, the government filed an opposition to Defendant's pending § 2255 motion. (Doc. No. 171.) Defendant filed a reply thereto on February 29, 2024. (Doc. No. 172.)[1]

On February 25, 2025, the assigned magistrate judge issued findings and

---

[1] On October 17, 2024, the case was reassigned to the undersigned district judge. (Doc. No. 184.)

1

recommendations recommending that Defendant's pending § 2255 motion be denied. (Doc. No. 196.) First, the magistrate judge found "all claims pertaining to the sufficiency of [Defendant's] plea are procedurally barred" because Defendant did not first raise those challenges on his direct appeal. (*Id.* at 3) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") Second, the magistrate judge found that Defendant's claim that he received ineffective assistance of counsel fails on the merits because Defendant "repeatedly attested that his pleas were voluntary and competent, that he has discussed them with his counsel, and [he] was satisfied with his representation." (*Id.* at 3.) In addition, the magistrate judge explained that contrary to Defendant's assertion that his counsel was ineffective because his counsel did not obtain signatures on the factual basis while in open court, there is "no requirement that a factual basis be signed in open court by either the movant or the government's attorney." (*Id.*)

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service and that any response to objections be filed within fourteen (14) days of service of those objections. (*Id.* at 5.) No objection to the pending findings and recommendations has been filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability. In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, Defendant has failed to make the required showing.

For these reasons:

1. The findings and recommendations issued on February 25, 2025 (Doc. No. 196) are ADOPTED in full;

2. Defendant Reginald Lamont Thomas's motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 150) is DENIED;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of the Court is directed to close this case as well as the companion civil case No. 2:23-cv-01225-DC-JDP.

IT IS SO ORDERED.

Dated: __**April 16, 2025**__                    _____
                                                  Dena Coggins
                                                  United States District Judge

3